UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEFTALI PADUARI, | ) |
|        Plaintiff, | ) 2:13-cv-00155-JCM-CWH |
| vs. | ) |
| D. NEVEN, *et al.*, | ) **ORDER** |
|        Defendants. | ) |

Presently before the court is the matter of *Paduari v. Neven et al.*, case no. 2:13-cv-155-JCM-CWH. On November 25, 2013, Magistrate Judge Hoffman issued a report recommending that *pro se* plaintiff Neftali Paduari's motion for default judgment be denied and defendants' motion for an enlargement of time to file an answer be granted. (Doc. # 25). Plaintiff timely filed objections to the report. (Doc. #28).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

While the court recognizes *pro se* litigants are held to a less stringent standard, the court also notes that "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986). Despite liberally

construing plaintiff's objections, the court is simply unable to identify what plaintiff's objections, if any, actually are, and what the legal basis for those objections might be. Plaintiff's generic references to intrinsic and extrinsic fraud, Fed. R. Civ. P. 60, and the mailbox rule are unhelpful and seemingly irrelevant. However, in an abundance of caution, the court will conduct a de novo review of the report and recommendation in its entirety.

In his first motion for default judgment, plaintiff seeks an entry of default against defendants for $85,000. (*See* doc. # 22). As support, plaintiff refers generally to the Federal Rules of Civil Procedure. He fails to cite to any specific rule, does not include any case law, and does not otherwise justify why he is entitled to the requested relief. The magistrate judge correctly determined that, pursuant to Local Rule 7-2(d), plaintiff's failure to file points and authorities in support of his motion constitutes consent to the denial of his motion. Accordingly, plaintiff's motion is denied.

Turning to defendants' motion to extend the time in which to file their answer (doc. # 23), the court finds that defendants' failure to timely file is the result of excusable neglect. *See* Fed. R. Civ. P. 6(b). Accordingly, defendants' motion is granted.

Contemporaneous with the filing of his objections, plaintiff has filed a motion requesting sanctions and an entry of default in his favor. (Doc. # 27). Other than a conclusory assertion that the defendants' failure to file a timely answer amounts to "conscious indifference," plaintiff's motion is devoid of any meaningful arguments justifying his (second) request for entry of default. Because the court has determined that defendants' failure to file a timely answer amounts to excusable neglect, plaintiff's renewed motion for default is denied.

Finally, plaintiff has included a request for appointment of counsel in his objections to the report and recommendation. A court may appoint an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). "The decision to appoint counsel for a person proceeding in forma pauperis is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004)(*quoting Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984)(internal citations omitted)). Plaintiff asserts that, due to his ignorance

of "procedural complexities," appointed counsel is justified. Upon review of the record, the court finds that the legal issues are not complex, and there are no exceptional circumstances warranting appointment of counsel in this case. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, plaintiff's request is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Hoffman's report and recommendation (doc. # 25) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (doc. # 22) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to extend the time in which to file an answer (doc. # 23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions and to proceed with default judgment (doc. # 27) be, and the same hereby is, DENIED.

DATED December 11, 2013.

_____
UNITED STATES DISTRICT JUDGE